928 P.2d 40

Miriam Louise PAULSEN,
Plaintiff–Respondent,

v.

Nolan Rex PAULSEN, Defendant–
Appellant.

No. 22747.

Supreme Court of Idaho,
Boise, November 1996 Term.

Dec. 16, 1996.

Cosho, Humphrey, Greener & Welsh, P.A.,
Boise, for defendant–appellant. Phil E. De
Angeli, argued.

Church, Snow & Haley, Burley, for plain-
tiff–respondent. Peter G. Snow, argued.

JOHNSON, Justice

This is a child custody case. The sole
issue presented is whether the Idaho magis-
trate judge correctly exercised jurisdiction in
the face of a pending California custody pro-
ceeding. We conclude that pursuant to the
Uniform Child Custody Jurisdiction Act (UC-
CJA), I.C. §§ 32–1101—32–1126, the Idaho
judge should not have exercised jurisdiction
over the custody question.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

Nolan Paulsen (Nolan) and Miriam Paul-
sen (Miriam) were married in California and
have two minor children (the children).
From 1992 to 1994, Miriam and the children
left California several times to visit Miriam's
relatives in Idaho. On April 1, 1994, Miriam
and the children came to Idaho. Miriam
contends she came with the intention that
she and the children would become Idaho
residents. On September 29, 1994, Miriam
and the children returned to California
where the children visited Nolan.

On October 20, 1994, Miriam filed in Cali-
fornia Superior Court in Kern County (the
California court) a petition verified by her
naming Nolan as respondent and seeking a
legal separation, a determination of property
rights, and custody of the children. The
petition stated that Miriam had been a resi-
dent of California for six months and Kern
County for at least three months prior to
filing the petition and, concerning the chil-
dren, declared that "[d]uring the last five
years each child has lived in no state other
than California and with no person other
than petitioner or respondent or both."

The petition also requested "[p]ermission
to move the children temporarily to Idaho so
mother and children can stay with other
family members." On October 20, 1994, the

California court issued a temporary restraining order as requested in the petition, providing that Miriam and the children might "temporarily move to Idaho." On November 21, 1994, Nolan responded to orders to show cause also issued by the California court on October 20, 1994. Miriam then requested that her California lawyer dismiss the petition. The lawyer was unable to do so because of Nolan's response. On November 30, 1994, Nolan requested that the California court dissolve the marriage. The same day, the California court held a hearing during which Nolan and Miriam stipulated and the court ordered the following: (1) the parties would cooperate in conducting a psychological evaluation with a designated expert; (2) the parties would have mutual legal custody of the children, Miriam having physical custody and Nolan having visitation and paying child support to Miriam; (3) Miriam was not to discourage the children in talking to Nolan by telephone; and (4) the parties would have mutual restraining orders. A hearing was set for January 1995, following completion of the psychological report.

Miriam returned to Idaho and filed for divorce in the Fifth District Court in Cassia County (the Idaho court) on December 23, 1994. The case was assigned to a magistrate judge (the Idaho magistrate judge). Nolan specially appeared in the Idaho court and moved to dismiss the case, challenging the jurisdiction of the Idaho court. On January 6, 1995, the Idaho magistrate judge held a hearing concerning the motion to dismiss. Following the hearing, the magistrate judge communicated with the judge in the California court, who told the Idaho magistrate judge that the California court would not defer jurisdiction regarding the custody of the children. On January 11, 1995, the Idaho magistrate judge denied Nolan's motion to dismiss, finding, as follows:

> After an incident of abuse, the plaintiff moved herself and the children to Idaho with the intent of becoming permanent residents. They arrived in Idaho on April 1, 1994 and have resided here ever since on a permanent basis except for a brief visit to California for visitation with the father. At no time did the plaintiff have

the intent, since April 1, 1994, to live anywhere other than the State of Idaho.

The Idaho magistrate judge concluded that Idaho is the home state of the children under UCCJA and retained jurisdiction over custody matters, but deferred jurisdiction over the remaining divorce issues to the California court. The Idaho magistrate judge also noted that the California court had made no determination prior to the filing of the case in the Idaho court that the California court had jurisdiction under any other provision of UCCJA, and that when Miriam filed for divorce in Idaho there was no other state that was exerting jurisdiction in conformity with UCCJA.

Nolan asked the Idaho court to reconsider the denial of the motion to dismiss, contending that the Parental Kidnaping Prevention Act (PKPA), 28 U.S.C. § 1738A, should apply. The Idaho magistrate judge denied reconsideration, ruling that PKPA supports the exercise of jurisdiction by the Idaho court because Idaho is the children's home state under PKPA. When Nolan failed to make any further appearance in the Idaho court, the Idaho magistrate judge held a default hearing to determine custody of the children and entered judgment awarding custody of the children to Miriam. Nolan appealed to the district judge, who affirmed. Nolan then appealed to this Court.

Miriam made no further appearance in the California court, which proceeded to award custody of the children to Nolan.

## II.

### THE IDAHO COURT SHOULD NOT HAVE EXERCISED JURISDICTION.

Nolan asserts that the Idaho court should not have exercised jurisdiction under UCCJA to grant Miriam custody of the children. We agree.

As enacted in Idaho, UCCJA provides that an Idaho court "shall not exercise its jurisdiction under this chapter if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this chapter...."

I.C. § 32–1106(a). The California court would have been exercising jurisdiction substantially in conformity with Idaho's version of UCCJA if California was the "home state" of the children when the proceeding was commenced in the California court. I.C. § 32–1103(a)(1).

 At the commencement of the proceeding in the Idaho court, the California court had already issued preliminary orders in the case, evidencing its exercise of jurisdiction. This exercise of jurisdiction was based on Miriam's verified petition, which declared that the children had lived in no other state than California in the last five years and Miriam's request to move the children to Idaho "temporarily." Nothing presented to the California court indicated that California was not the children's home state. Based on Miriam's own allegations, California was the children's home state. Even at the hearing before the California court on November 30, 1994, Miriam did not ask to amend the allegations of her petition or request dismissal of the California case based on lack of jurisdiction. Therefore, we conclude that at the time Miriam asked the Idaho court to exercise jurisdiction, the California court had exercised jurisdiction in substantial conformity with UCCJA, and the Idaho court should not have exercised jurisdiction over the custody question.

Miriam has argued that the lack of any specific finding by the California court that it had jurisdiction over the custody question allowed the Idaho court to make jurisdictional findings of fact and exercise jurisdiction. We reject this argument. UCCJA does not require a specific finding of jurisdiction by the California court, but only requires that at the time the Idaho court was asked to take jurisdiction of the custody question the California court was exercising jurisdiction substantially in conformity with UCCJA. The exercise of jurisdiction by the California court is evidenced by its orders on October 20, 1994.

Because we have resolved the jurisdictional question on the basis of UCCJA, we find it unnecessary to address whether PKPA preempts UCCJA.

## III.

### CONCLUSION

We reverse the magistrate judge's denial of Nolan's motion to dismiss and remand the case to the magistrate judge for an order vacating the judgment awarding custody of the children to Miriam and dismissing the case because of lack of jurisdiction.

We award Nolan costs on appeal. Nolan did not request attorney fees.

McDEVITT, C.J., and TROUT, SILAK and SCHROEDER, JJ., concur.